REQUESTED BY: Dear Senator:
In your letter of February 6, 1978, you have called our attention to the provision in section 2 of LB 348 which would amend section 84-1308, R.R.S. 1943, by changing the contribution of state employees to the Retirement System from the present 3 percent of the first $4800.00 of compensation and 6 percent of the excess over $4800.00 to a flat 4 1/2 percent of the annual salary. You have asked whether this presents any constitutional problems, on the basis that this change would be a violation of the employment agreement. We conclude that there would be no constitutional problem with this matter except with respect to officers of state government serving fixed terms.
Article III, Section 19, of the Nebraska Constitution provides that the compensation of a public officer may not be increased or diminished during his term of office.Wilson v. Marsh, 162 Neb. 237, 75 N.W.2d 723 (1956), held that the contributions made by a judge to a retirement system were a diminution of his salary, and the right to receive benefits in the future was an increase in his salary, and that therefore an officer serving a fixed term, in that case a judge, could not be brought into a retirement system during his term of office.
The same principle would apply to a change in the amount of withholdings from an officer's salary as a contribution to a retirement system, and to changes in benefits. We believe that such changes cannot be made to apply to officers serving fixed terms during their terms of office, but must be delayed, so far as such officers are concerned, until the beginning of a new term.
The same is not true with respect to ordinary employees, however. When one enters into state employment, he does not enter into a contract to serve for a fixed period of time, or under unchangeable terms and conditions. The Legislature has plenary power over the terms and conditions of state employment, and the only recourse an employee has, so far as the Constitution is concerned, if he is dissatisfied with changes in those terms and conditions, is to terminate his employment. If this were not true, it would have been impossible to have validly enacted a state employees retirement act in the first place, as this obviously affected the terms and conditions of persons who were state employees at the time of its enactment.